MARGARET JOYCE, Respondent, v. EASTMAN KODAK COMPANY, Appellant.

Fourth Department, March 20, 1918.

**Workmen's Compensation Law — injury to person doing clerical work for employer conducting hazardous business — remedy under statute is exclusive.**

Where an employer makes photographic cameras and supplies, which business is classed as hazardous by the Workmen's Compensation Law, an employee working in the cost and payroll department of the establishment and whose work was largely clerical is engaged in a hazardous employment within the meaning of the statute although she did no work which directly entered into the construction of cameras and supplies. Hence, her remedy for injuries received by the collapse of a chair upon which she was sitting in her employer's office is under the Workmen's Compensation Law and she cannot maintain an action to recover damages.

APPEAL by the defendant, Eastman Kodak Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 23d day of May, 1917, upon the verdict of a jury for $11,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Hubbell, Taylor, Goodwin & Moser [Clarence P. Moser* of counsel], for the appellant.

*McInerney & Bechtold [John J. McInerney* of counsel], for the respondent.

KRUSE, P. J.:

The plaintiff worked in one of defendant's factories and was hurt while so employed. She was sitting in a chair sorting time cards; one of the legs of the chair was loose in the socket; it gave way; she went down to the floor and was injured on October 19, 1915. She seeks to recover damages for injuries so sustained. She contends that the defendant was negligent in furnishing the defective chair. The defendant denies the charge and urges that she knew, or should have known, the condition of the chair before she used it and voluntarily took the chances in using it, and furthermore, that in any event her only remedy is under the Workmen's Compensation Law.

The defendant makes photographic cameras and supplies. The Workmen's Compensation Law classes employment in that work as hazardous. (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 2, group 23.) The defendant had made provisions before the accident for securing payment of compensation for injuries to its employees and their dependents in one of the ways provided by section 50 of the act (as amd. by Laws of 1914, chap. 316).

The factory in which the plaintiff worked had about 200 employees in its several departments. Besides those who planned and supervised the business, and artisans whose work entered directly into the construction of photographic cameras and supplies, there were desk-workers, elevatormen, janitors,

watchmen, and others whose work was not so directly connected with the actual making of cameras and supplies. The plaintiff belonged to the latter class. She was employed in the cost and payroll department and her work was largely clerical; she did no work which directly entered into the construction of cameras and supplies.

The question is whether she was engaged in a hazardous employment within the meaning of this act. In *Matter of Larsen* v. *Paine Drug Co.* (218 N. Y. 252) it appeared that the employer was engaged in the manufacture of drugs and chemicals. The injured employee was a porter, elevator and handy man and at the time of the accident was putting up a small shelf at the foot of the elevator and lost his balance and fell down the elevator shaft. He did not take any part in the actual manufacture of drugs and chemicals. The Court of Appeals held that he was entitled to an award under the Workmen's Compensation Law. We think this case is within the reasoning of the decision in that case. If her employment was fairly incidental to the manufacture of photographic cameras and supplies, her claim is covered by the act. We think it was; and the defendant having made provisions for the payment of compensation for the accidental injuries of its employees as provided by the act, the plaintiff's remedy thereunder is exclusive. (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.)

The judgment and order should, therefore, be reversed and the complaint dismissed.

All concurred.

Judgment and order reversed and complaint dismissed, with costs.