In the Matter of the Claim of MARGARET M. JOYCE, Respondent, against EASTMAN KODAK COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — limitation of actions — withdrawal by employee of claim for compensation — when State Industrial Board without power to revoke discontinuance and reinstate the claim.**

Where an employee, who had filed a claim for compensation for an injury with the State Industrial Commission, thereafter took the position that the nature of her employment did not bring her within

the class of employees covered by the Workmen's Compensation Law, whereupon she sued her employer to recover damages for the injury and asked leave to withdraw her claim, resulting in an order of the Commission that the claim should be withdrawn and the proceeding closed, the State Industrial Board is without power, in the absence of fraud or mistake, to revoke the discontinuance and reinstate the claim upon the petition of the employee made after dismissal of her complaint in the action more than six years after the accident and nearly five years after the claim had been withdrawn. The statute (Workmen's Comp. Law, § 28) requires that a claim must be filed within one year after the injury and the bar was complete and the remedy extinguished at the time the new hearing was demanded.

*Matter of Joyce* v. *Eastman Kodak Co.*, 207 App. Div. 877, reversed.

(Argued April 1, 1924; decided May 13, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 5, 1923, affirming an award of the State Industrial Board made under the Workmen's Compensation Law.

*Clarence P. Moser* and *Raymond Bentley* for appellant. If it be considered that the State Industrial Commission had power and jurisdiction to reopen this proceeding in 1922, nevertheless this was not a proper case for the exercise of such power. (*Fischer* v. *Genesee Const. Co.,* 187 App. Div. 850; *Matter of Waters,* 183 App. Div. 841; *Anderson* v. *Carr,* 26 N. Y. S. R. 642; *Nat. Broadway Bank* v. *Hitch,* 66 Hun, 401; *Jacobs* v. *Morange,* 47 N. Y. 57; *Weed* v. *Weed,* 94 N. Y. 243; *Matter of Engs,* 32 N. Y. S. R. 1003; *Matter of Peck,* 131 App. Div. 81.) This Commission had no power or jurisdiction to reopen the proceedings. (*Hill* v. *Supervisors,* 119 N. Y. 344; *Berner & Freedman* v. *Walker,* 63 Misc. Rep. 262; *Willard* v. *Wood,* 164 U. S. 502; *O'Esau* v. *Blass Co.,* 188 App. Div. 385; *Twonko* v. *Rome Brass & Copper Co.,* 224 N. Y. 263; *Buckles* v. *State,* 221 N. Y. 418; *Town of Springport* v. *Teutonia Savings Bank,* 84 N. Y. 403; *People* v. *Sawyer,* 52 N. Y. 296; *Orphan Asylum* v. *McCarter,* 1 Hopk. Ch. 423; *Smith* v. *Green,* 14 Hun, 529.)

*Carl Sherman, Attorney-General (E. C. Aiken* of counsel), for respondent. The State Industrial Commission and State Industrial Board, which succeeded the Industrial Commission, had continuing jurisdiction. (*Matter of Smith,* 235 N. Y. 575.)

CARDOZO, J. Claimant, an employee of the Eastman Kodak Company, was hurt on October 19, 1915, by the breaking of a chair which threw her to the ground. Her proof of claim under the Workmen's Compensation Act was filed at Albany in the office of the state industrial commission, now the state industrial board, on October 20, 1916, but there is evidence that it was delivered at a branch office in Rochester on October 19. Shortly thereafter she sued her employer in the Supreme Court to recover damages for the injury, her position then being that the nature of her employment did not bring her within the class of employees covered by the act. On February 10, 1917, there was a hearing before one of the deputy commissioners. The employer gave written notice of objection to the allowance of the claim on the ground that it had not been filed within one year after the injury was suffered, but offered to withdraw the objection if the claimant would discontinue the action for the recovery of damages. This she refused to do, but asked leave on the contrary to be permitted to withdraw her claim. On the same day the deputy commissioner made an order accordingly. The order is that the claim shall be withdrawn, and the proceeding " closed and of the same effect as though the claim had not been filed." This order was confirmed by the commission, and notice given to the employer.

The employee, having thus withdrawn her claim for compensation under the statute, proceeded with her action. She recovered a judgment, but the Appellate Division reversed it, and dismissed the complaint (182 App. Div. 354). This court, in July, 1921, affirmed the

judgment of dismissal (231 N. Y. 634). The employee then attempted to revert to her remedy under the statute. By letter dated November 1, 1921, she asked the state industrial board for a hearing on her claim. This was more than six years after the accident and nearly five years after the claim had been withdrawn. At first the request was refused. Later, on December 14, 1922, it was granted. An award of compensation followed.

Upon the facts exhibited in this record the state industrial board was without power to revoke the discontinuance and reinstate the claim. Its action nullified the statutory requirement that a claim must be filed within one year after the injury is suffered (Workmen's Compensation Law [Cons. Laws, ch. 67], § 28). We assume, without deciding, that there was a filing with the commission on October 19, 1916, when the claim was left with an examiner in the Rochester office. On that assumption the claimant would have been in time if she had continued the proceeding then begun. The difficulty is that it was withdrawn and discontinued. For nearly five years no claim in behalf of this employee was pending upon the files of the commission or its successor. A new claim would have been too late if presented for the first time in November, 1921, when the rehearing was demanded. The bar was then complete and the remedy extinguished. In vacating the order of withdrawal the board has attempted through the fiction of relation to make continuous in law what was discontinuous in fact.

Section 123 (formerly section 74) of the act is invoked by the employee and the board in support of this relief. "The power and jurisdiction of the department over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Workmen's Compensation Act, § 123). We have given a broad reach

to these provisions in decisions heretofore announced (*Matter of Smith* v. *Mc Kesson & Robbins, Inc.*, 235 N. Y. 575; *Matter of Smith* v. *Metal Stamping Co.*, 235 N. Y. 577). Whenever the board has made an unjust or erroneous decision there resides in it the amplest power of reparation or correction. No such occasion has arisen upon the record now before us. The order which permitted the discontinuance of this claim was neither erroneous nor unjust. There was no choice except to make it. The commission would have acted oppressively if it had kept the claim alive to the prejudice or peril of the remedy by suit. What the board has now done is to revoke the discontinuance, not to repair or correct an unjust or erroneous decision, but to relieve the claimant from a choice which has turned out to be unwise. This is the assumption of a power to dispense by indirection with the rule of limitation.

In thus holding we do not suggest that a claim may not be revived if a discontinuance has been procured by fraud (*Weisguth* v. *Supreme Tribe*, 272 Ill. 541; *Orphan Asylum Society* v. *M'Cartee*, 1 Hopkins Ch. 372). There is neither proof nor charge to bring such a power into play. We leave open, too, the possibility that relief may at times be granted against excusable mistake. Again the facts do not bring the case within the range of such a power. Mistake of fact there was none. If there was any mistake of law, the claimant knew that her right was the subject of contention, and with knowledge of the risk decided to take the chance. The board was without power, after the term of limitation had expired, to nullify her choice (*Weisguth* v. *Supreme Tribe, supra*).

The order of the Appellate Division and the award of the state industrial board should be reversed and the claim dismissed, with costs against the state industrial board in the Appellate Division and in this court.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order reversed, etc.