THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE S. ABELL, Relator, *v.* JOHN H. CLARKSON and Others, as and Composing the Board of Trustees of the Village of Cornwall, Respondents.

JOHN E. PRESTON and Another, Intervenors, Appellants.

*Villages — annexation — motion to vacate order reviving certiorari proceeding to review annexation proceeding denied.*

Appeal by the intervenors from so much of an order of the Supreme Court, made at the Orange Special Term, and entered in the Orange county clerk's office on March 8, 1926, as denies their motion to vacate an order reviving certiorari proceeding.

Order denying motion to vacate order reviving certiorari proceeding affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning and Lazansky, JJ., concur; Jaycox, J., dissents, and reads for reversal.

JAYCOX, J. (dissenting). I cannot concur in the decision about to be handed down in this case. The decision proposed should, if possible, be avoided. It is unnecessary to recite the history of the litigation arising out of an attempt to annex certain territory to the village of Cornwall. I think it is sufficient to say that the relator instituted this proceeding to review the annexation proceedings. He also brought an action in equity to test the validity of an act of the Legislature passed for the purpose of validating those proceedings. In this action in equity the plaintiff also sought to review the annexation proceedings. With these two proceedings pending, the trustees of the village of Cornwall decided to abandon their opposition to the certiorari proceeding and also to the equity action, and passed a resolution to that effect December 31, 1923. This was the first move in that direction. The following is a copy of the resolution:

"It is hereby *resolved*, by the Board of Trustees of the Village of Cornwall, that all further proceeding towards the annexation of the territory of the Town of Cornwall and specified in Chapter 20 of the Laws of 1923 and in the petition for annexation, voted upon at the Village election of March 21st, 1922, be discontinued, and it is hereby further

"*Resolved*, that the Attorney for the Village of Cornwall, be instructed forthwith to discontinue all further opposition on behalf of said Village to the certiorari proceeding now pending to determine the validity of said annexation election and to the injunction suit now pending for the same purpose, and it is further

"*Resolved*, that the said 'Board of Trustees consents to the entry of judgment in said injunction proceeding in favor of the plaintiff and in said certiorari proceeding to an entry of an order in favor of said George S. Abell and that the Village Attorney, be instructed to agree to said judgment and order provided that said George S. Abell consents to said termination of that action and proceeding without any further costs against the Village of Cornwall."

The proposition of the village contained in this resolution was accepted and judg-

ment entered in the equity action adjudging the proceedings for the annexation void, and the certiorari proceeding was discontinued. Subsequently this court held that the validity of the annexation proceedings could not be determined in an equity suit and that decision was affirmed by the Court of Appeals. (*Abell* v. *Hunter*, 211 App. Div. 467; 240 N. Y. 702.) Previous to the election of 1925 the present board of trustees carried an advertisement in the *Cornwall Local* in which it was stated: " Therefore, the present Board want to stay to fight this question to a finish for all time. It might be well to state that the present Board is unanimously against consolidation." On that platform the present trustees were elected. The opposition which they will offer to the certiorari proceeding may be imagined from their attitude before the election. In addition to this, the fact is that the attorney who was counsel for relator in the certiorari proceeding and attorney for the plaintiff in the equity action — and apparently controlled both, for he states that he wrote " we would accept the proposition made by the Village and would not ask for costs and that I would enter judgment in the equity suit in favor of Abell and consent to a discontinuance of the certiorari proceeding "— is now the attorney for the village. It can readily be seen, therefore, that a return will be filed that will be, in effect, a consent to the entry of an order annulling the proceedings for annexation. These methods should not be approved. We should not permit them to succeed if we can prevent it. It is suggested that the majority of the voters are now against annexation. That may be true, but the voice of the majority cannot be heard in this proceeding. The statute points out the way for the majority to speak. This motion to revive the certiorari proceeding finds its excuse in an unwise expression by me in the opinion in the equity action. I there said: " The certiorari proceeding should be revived and the validity of the annexation proceedings determined therein." Of course, this was obiter and was not a part of our decision, and was not even a part of the reasoning by which I reached my conclusion. It was advice only, and entirely outside of our province. We recently disregarded a statement of a similar character in one of our former opinions. (*Rodrigues* v. *Transmarine Corporation*, 216 App. Div. 337.) The respondents take the position that this court and the Court of Appeals have directed the revival of this proceeding. Nothing of the kind has been done. We have merely held that such questions as are involved here are triable in certiorari proceedings and not in equity actions. Anything said beyond that was merely *dicta* and in no way binding upon this court. (*Colonial ·City T. Co.* v. *Kingston R. R. Co.*, 154 N. Y. 493.) In *People ex rel. Desiderio* v. *Conolly* (238 N. Y. 326) the court points out expressions used in previous decisions and comments thereon as follows: " At the same time, we said that ' the remedy was by writ of mandamus against the * * · commissioners, to be followed by proceedings in certiorari if a review was necessary.' What was said as to certiorari was unnecessary to the decision, and foreign to any question considered in the briefs." Again: " In overruling this contention we said again, as we had said in the *Holroyd* case,* that if the claim was rejected, there might be review by certiorari. Once more, however, the remark was foreign to the controversy. Since the relator in that case did not ask for a mandamus that the commissioners be directed to pay, but was content with one directing them either to accept or to reject, there was no occasion

---

* *Holroyd* v. *Town of Indian Lake* (180 N. Y. 318).— REP.

to go farther. ' The opinion must be read in the light of the facts before us ; (*People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356, 361)." Therefore, I think that what was said should have had no binding force upon the court at Special Term and should not in any wise hamper our decision herein. If the proceeding is revived the management of the defense rests entirely with these trustees, who were elected with the avowed intention of fighting this proceeding to a finish, and who at the same time announced that they were against annexation. The intervenors cannot interpose a defense and the trustees will not, so that the only thing that stands between the intervenors and certain defeat is the Statute of Limitations,* which has run on this proceeding. If a revivor is not permitted, a new proceeding cannot be instituted. I hesitate to mention it, but I think the only remedy then left would be under the Village Law, section 349.† That brings us back to the question whether the motion should be denied and the relator deprived of the opportunity of reviewing the annexation proceedings. In determining this question it must be borne in mind that the village consented to discontinue all further opposition to the certiorari proceeding, to the entry of judgment in the injunction action and to the entry of an order in the certiorari proceeding in favor of Abell. In this situation the relator, who was also the plaintiff in the equity action, chose to discontinue the certiorari proceeding and enter a judgment for the relief prayed for in the equity action. He, therefore, had commenced an appropriate proceeding to obtain the relief which he desired. He abandoned that proceeding and entered judgment for the relief which he desired in the equity action. Subsequently it was held that this relief could not obtain in that action. In *Matter of Joyce* v. *Eastman Kodak Co.* (238 N. Y. 142) the syllabus reads as follows: " Where an employee, who had filed a claim for compensation for an injury with the State Industrial Commission, thereafter took the position that the nature of her employment did not bring her within the class of employees covered by the Workmen's Compensation Law, whereupon she sued her employer to recover damages for the injury and asked leave to withdraw her claim, resulting in an order of the Commission that the claim should be withdrawn and the proceeding closed, the State Industrial Board is without power, in the absence of fraud or mistake, to revoke the discontinuance and reinstate the claim upon the petition of the employee made after dismissal of her complaint in the action more than six years after the accident and nearly five years after the claim had been withdrawn. The statute (Workmen's Comp. Law, § 28)‡ requires that a claim must be filed within one year after the injury and the bar was complete and the remedy extinguished at the time the new hearing was demanded." This case is almost an exact parallel with the present case. The plaintiff initiated the proper proceeding to obtain relief, but she abandoned and discontinued that proceeding and sought to obtain relief in an action which she could not maintain. After that action had been finally determined against her she sought, as does the relator here, to revive the previous proceeding. The statute having run in the meantime, the Court of Appeals held that it could not

---

* See Civ. Prac. Act, § 1288.— [Rep.

† Amd. by Laws of 1921, chap. 275.— [Rep.

‡ Since amd. by Laws of 1918, chap. 634; now Workmen's Compensation Law of 1922, § 28, as amd. by Laws of 1925, chap. 658.—[Rep.

be done. The syllabus in *Robinson* v. *Robins Dry Dock & Repair Co.* (238 N. Y. 271) reads as follows: " Where plaintiff, after the death of her husband from injuries received in the course of and arising out of his maritime employment, applied to the State Industrial Commission for compensation which was awarded to her, all of the courts of this State at that time upholding the right to compensation of a claimant under similar circumstances, but thereafter payment of compensation was terminated following a decision of the United States Supreme Court that the Workmen's Compensation Law did not apply to a person employed as was plaintiff's husband, an action brought by her as administratrix, to recover for his death, alleged to have been caused by the negligence of defendants, is, nevertheless, barred under section 1902 of the Code of Civil Procedure* where commenced more than two years after the decedent's death and the courts are powerless to afford any relief." It will be remembered that a special act of the Legislature was passed to relieve people in this situation. It will be seen from this that the courts do not relieve from mistakes of law, and no mistake of fact is asserted here. " Mistake of fact there was none. If there was any mistake of law, the claimant knew that her right was the subject of contention, and with knowledge of the risk decided to take the chance. The board was without power, after the term of limitation had expired, to nullify her choice." (*Matter of Joyce* v. *Eastman Kodak Co., supra.*) The order, in so far as it denies the motion of the intervenors for an order vacating the order heretofore granted herein and entered in the office of the clerk of the county of Orange on or about the 25th day of July, 1925, which vacated the order made on the 28th day of March, 1924, entered in the office of the clerk of the county of Orange on the 29th day of March, 1924, discontinuing this proceeding, should be reversed upon the facts and the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.