PER CURIAM. Under a statute which declares intermarriage between persons related within the prohibited degrees to be incest it has been held that the offense becomes complete upon intermarriage and that to sustain a conviction it is not necessary to establish carnal knowledge. Such statutes are common. " It is entirely competent for the Legislature, upon declaring an act to be a crime, to designate it by any term that may be chosen for that purpose." Intermarriage is the act of marrying. (*State* v. *Schaunhurst*, 34 Iowa, 547; *Hintz* v. *State*, 58 Wis. 493.)

The provision in the Domestic Relations Law, § 5, subd. 3 (Cons. Laws, ch. 14) making the parties to an incestuous marriage punishable for a minor offense merely creates another crime, applicable to marriages where there is no incestuous connection. It cannot be said to be exclusive without changing the meaning of the word " intermarry " in Penal Law, section 1110, as defined above.

The district attorney may prosecute for the felony or for the misdemeanor as he chooses. The elements of the crime are the same.

The judgment should be affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE S. ABELL, Respondent, *v.* JOHN H. CLARKSON et al., Composing the Board of Trustees of the Village of Cornwall, Respondents.

JOHN E. PRESTON et al., Intervenors, Appellants.

*Practice — jurisdiction — power of Supreme Court to set aside order of discontinuance and restore certiorari proceeding.*

*People ex rel. Abell* v. *Clarkson*, 217 App. Div. 746, affirmed.

(Argued September 27, 1926; decided October 12, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 1, 1926, which affirmed an

order of Special Term denying a motion to vacate a prior order vacating an order of discontinuance and restoring and reinstating the above-entitled certiorari proceeding.

The following question, among others which have become immaterial, was certified:

"*First.* Had the Supreme Court power to grant the order of July 24, 1925, reviving this certiorari proceeding?"

*Henry Hunter* and *Henry Kohl* for appellants.

*Henry Hirschberg* and *Milton De Baun* for respondents.

Order affirmed, with costs; first question certified answered in the affirmative, other questions not answered; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.

---

In the Matter of LANCELOT M. BERKELEY, an Attorney, Appellant.

NEW YORK COUNTY LAWYERS ASSOCIATION, Respondent.

*Attorneys — disbarment from practice.*

*Matter of Berkeley,* 174 App. Div. 205, affirmed.

(Argued September 27, 1926; decided October 12, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 20, 1916, which disbarred the appellant herein from practice as an attorney and counselor at law in the State of New York.

*Lancelot M. Berkeley,* appellant in person.

*Richard H. Clarke* and *George R. Adams* for respondent.

Order affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE and ANDREWS, JJ. Absent: LEHMAN, J.