In the Matter of the Claim of WILLIAM F. JONES, Respondent, against REPUBLIC LIGHT, HEAT AND POWER COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

HINMAN, J. (dissenting). I do not see how the claimant can set at naught the statute plainly covering his multiple injuries, as construed by the court, by electing now to take a schedule award for loss of an eye on the assumption that he can later apply to have his conceded leg injury (forty per cent loss) considered under subdivision 3-u (now 3-v) of section 15 of the Workmen's Compensation Law if he happens to suffer, later on, a loss of earning capacity. It was not intended that he and the Board could thus deliberately juggle his injuries and the provisions of the statute applicable thereto. Mistakes may be corrected and we have recognized that power in the Board in various cases, by allowing a proper award to be later made and justice and the statute satisfied by applying payments already made upon the later award. (*Matter of Schaefer* v. *Buffalo Steel Car Co.*, 250 N. Y. 507.) Here we are asked to indorse an award improper in its inception unless the claimant has waived his leg injury and has the right to do so. He has not waived it but expressly stated that he wished to be able to bring it up later. Of course an employee cannot agree with his employer to waive his compensation claim. I think that was the intent of section 32 of the Workmen's Compensation Law. He can, however, neglect to file a claim and he can withdraw a claim with the permission of the Commission. (*Matter of Joyce* v. *Eastman Kodak Co.*, 238 N. Y. 142; *O'Brien* v. *Lodi*, 246 id. 46.) If he can withdraw it in whole I see no reason why he cannot do so in part, but he had not done so. I vote to reverse and give claimant an opportunity to waive the leg

injury in definite terms or to take what the statute gives him under subdivision 3-u of section 15 in the case of multiple injuries of a permanent partial character. If he is not presently suffering loss of earning capacity, he can have no present award but he will be protected in the future if he ever does suffer such a loss because his injuries are concededly permanent. Hasbrouck, J., concurs.