In the Matter of the Estate of MARY HEIM, Deceased. LULU LANG, as Administratrix, etc., of MARY HEIM, Deceased, Appellant; GERMAN EVANGELICAL AID SOCIETY OF THE CITY OF BROOKLYN, Respondent.— In a discovery proceeding in the Surrogate's Court, Kings county, the decree dismisses the petition and holds that the respondent institution is entitled to the property in suit. Decree unanimously affirmed, with costs against the appellant as administratrix. The proof shows that the respondent has title to the property sought to be recovered by the administratrix, the title existing by reason of an equitable assignment executed by the decedent in her lifetime. In a discovery proceeding it is proper to determine the question of title and make a decree accordingly. (Surr. Ct. Act, §§ 206, 206-a.) Present — Lazansky, P. J., Davis, Adel, Taylor and Close, JJ. [166 Misc. 931.]

In the Matter of the Application of THE INCORPORATED VILLAGE OF ISLAND PARK, Appellant, for a Certiorari Order against WILLIAM E. HOWARD and Others, as and Constituting the Zoning Board of Appeals of the Incorporated Village of Island Park; CHARLES BECKMANN, as Executor, etc., of WILLIAM BECKMANN, Deceased, Respondent.— Order granting a motion for the vacatur of an order dated July 25, 1938, which vacated an order of discontinuance dated January 17, 1935, and revived a certiorari proceeding, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, without costs. The court had power to make an order reviving the certiorari proceedings. (*People ex rel. Abell* v. *Clarkson*, 217 App. Div. 746; affd., 243 N. Y. 596.) When the petitioner in the certiorari proceedings moved for the order of July 25, 1938, it should have done so on notice to Charles Beckmann, as executor of William Beckmann, who had been made a party to the certiorari proceedings in the first instance but who had failed to file a return prior to the discontinuance of the proceedings. Charles Beckmann was a proper if not a necessary party. When Charles Beckmann was directed to be made a party on the hearing and was thus apprised of the revival of the proceedings, he was not entitled to a vacatur of the July 25, 1938, order unless he established that if he had been given a notice he would have been entitled to a denial of the motion on the merits. The showing on the latter phase did not entitle him to a vacatur. It would not have warranted a refusal to revive the certiorari proceedings. There was no *laches*. The claimed expenditures were made (if at all) in disregard of the non-issuance of a permit. The prior litigation did not result in an inquiry into and ruling on the merits adverse to the petitioner. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.