918

MARK LEIBOW, Plaintiff, *v.* ARTHUR G. BLAIR, INC., et al., Defendants.

Supreme Court, Special Term, Bronx County, November 20, 1944.

*J. Stanley Cohen* for plaintiff.

*Kirlin, Campbell, Hickox, Keating & McGrann* for Marine Transport Lines, Inc., defendant.

McLAUGHLIN, J. On this application plaintiff seeks an order striking from the answer filed by the defendant Marine Transport Lines, Inc., paragraphs thirtieth to thirty-third, inclusive, pursuant to rule 103 of the Rules of Civil Practice " and the Rules of Civil Practice " on the ground that said paragraphs are sham and irrelevant.

Paragraphs thirtieth to thirty-third of the answer are interposed as a complete and separate defense to the complaint and allege that the plaintiff has made a valid and binding election to accept compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, §§ 901, 933, subd. [a]). Paragraph thirty-third of the answer states: " That pursuant to Sec. 33(a) of the Longshoremen's and Harbor Workers' Compensation Act, the plaintiff, finally and irrevocably elected to receive compensation by giving notice to the Deputy Commissioner in the manner provided by the commission by filing form U.S.–203, and by such election plaintiff is forever barred from maintaining this action ".

This statement is true as far as it goes. But it omits the fact that subsequent to the filing of form U. S.–203, the plaintiff duly filed another form, namely, U. S.–213, which is a notice of election to sue a third party. Appended to the moving papers is a letter from the United States Employees' Compensation Commission which recites that: " Form U. S.–213, election to sue the third party responsible for the injury, has been received and placed in the file and supersedes the original claim for compensation submitted on Form U. S.–203 and is in accordance with the usual practices of this Department in such cases ".

Subdivision (a) of section 33 of the act (U. S. Code, § 933, subd. [a]) provides: " If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person."

The election under subdivision (a) of section 33 must be a " conscious " election, i.e., plaintiff should understand that he may not sue a third party if he elects to accept compensation under the Longshoremen's Act. Moreover, this section (§ 33, subd. [a]) is " aimed at an election, binding on the employee, after notice to the Deputy Commissioner, in a case where no acceptance of compensation has yet occurred " (*Toomey* v. *Waterman S. S. Corporation,* 123 F. 2d 718, 721). Standing alone, plaintiff's action in filing form U. S.–203 would thus constitute a binding election. Later, however, he chose to change his mind and subsequently filed a notice of election to sue third parties. This it was competent for him to do since he had received no compensation. (*Ruggiero* v. *Norwegian Shipping & Trade Mission,*

49 N. Y. S. 2d 700.) The later notice merely had the effect of a discontinuance of the original claim for compensation. The letter heretofore referred to constitutes some evidence in support of this conclusion. In *Matter of Joyce* v. *Eastman Kodak Co* (238 N. Y. 142, 146) Cardozo, J., stated: " The order which permitted the discontinuance of this claim was neither erroneous nor unjust. There was no choice except to make it. The commission would have acted oppressively if it had kept the claim alive to the prejudice or peril of the remedy by suit."

The defense sought to be stricken is therefore sham. It is correct in form but false in fact. Its falsity lies in that it recites only a part of the known facts, whereas a proper search of the record would disclose the complete set of facts which constitute the actual situation.

The answering defendant on this motion contends that the proper grounds for this motion should be that the defense is insufficient in law. Such defense, it is urged, should be made pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, and affidavits may not be used on such a motion. The court reached the conclusion, however, that this motion is properly brought on under rule 103 of the Rules of Civil Practice. Said rule was amended, effective September 15, 1944 (see N. Y. Law Reports, Weekly Advance Sheet No. 283, Sept. 30, 1944). Under the new amendment the use of affidavits is definitely sanctioned. The pertinent part of this amendment reads: " A general or specific denial or an affirmative defense contained in a verified or unverified answer or reply may be struck out where such denial or defense is sham. Affidavits may be used to determine whether matter contained in a pleading is sham."

For the foregoing reasons the motion is granted. Settle order.