**UNITED STATES of America, Appellee,**

v.

**Gunie Boyd TRIMMINGS, Defendant-Appellant,**

**No. 496, Docket 28858.**

United States Court of Appeals Second Circuit.

Argued June 8, 1964.

Decided June 23, 1964.

Joseph J. Ackell, New York City, for appellant.

Howard L. Jacobs, New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York) (John E. Sprizzo, Asst. U. S. Atty., of counsel), for appellee.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

PER CURIAM.

This case follows the familiar pattern wherein a "special employee" introduces a federal narcotics agent to an addict who allegedly then sells narcotics to the agent, under observation by a surveilling agent. The defendant, Trimmings, having a previous federal and several state narcotics convictions, testified that the special employee had ingratiated himself by the gift of two $5 bags of heroin and subsequently enlisted Trimmings' aid in delivering an ounce of heroin to the agent. The special employee, called at the suggestion of the judge, who was trying the case without a jury, admitted that he was a substantial dealer in narcotics; that he had been arrested for a federal narcotics violation some 19 months before the incident here at issue; that he had been released on nominal bail of $500 (in lieu of the $50,000 initially fixed) in consideration of agreeing to act as a "special employee"; and that he had worked as such on 29 cases with agents of the Bureau of Narcotics. However, he denied any dealings with Trimmings, who, he asserted, had asked him to help in locating customers—this leading to the introduction of Trimmings to the agent.

The spectacle of the United States failing to prosecute a criminal charge against a dealer in narcotics, so long as he engages in large scale pushing as a "special employee," is one which

we find exceedingly unattractive. But whether the special employee induced Trimmings to make the instant sale, as Trimmings alleged, was an issue of fact, for determination by the trial judge. Since he was "convinced beyond a reasonable doubt that the defense of entrapment does not stand up in this case" and the testimony was sufficient, if believed, to warrant that conclusion, existing rules of law render us powerless to interfere. Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958).

The Court expresses its appreciation to Joseph J. Ackell, Esq., who, as assigned counsel, argued Trimmings' appeal with great sincerity and ability.

Affirmed.