John B. Bigley, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Unity Auto Parts, Inc., Respondents.

Argued December 5, 1979, before Judges WILKIN-SON, JR., BLATT and CRAIG, sitting as a panel of three.

*Raymond G. Hasley,* of *Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty,* for appellant.

*Joseph F. Grochopol,* with him *Noble R. Zuschlag,* for respondent.

OPINION BY JUDGE BLATT, February 26, 1980:

John B. Bigley (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of his reinstatement petition.

On September 7, 1973, the claimant was injured in an automobile accident while riding in a vehicle owned by his employer, Unity Auto Parts, Inc. He initiated a trespass action against the employer on January 25, 1974, and, while that case was pending, he timely filed

a workmen's compensation claim on September 3, 1975. No further action on the claim was taken until February 25, 1977, when, having settled the trespass action, the claimant, through his counsel, requested that his claim petition be withdrawn. On February 28, 1977, a referee issued an order dismissing the claim. Subsequently, on September 20, 1977, the claimant filed a reinstatement petition based on the same circumstances asserted in his original claim petition. A referee denied the petition, holding that the reinstatement petition was in effect a new claim petition and therefore barred by the limitation period of Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602, and by the res judicata effect of the referee's unappealed order dismissing the original claim petition. The Board upheld the referee, and this appeal followed.

Section 315 of the Act reads in part as follows:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

In *Fox v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 575, 382 A.2d 494 (1978), we had occasion to apply this section to circumstances very similar to those presented here. We observed there that the claimant's "modification petition was properly treated as a claim petition in light of the withdrawal of his original claim petition . . . and was thus subject to Section 315 of the Act." 33 Pa. Commonwealth Ct. at 577, 382 A.2d at 495. We concluded, therefore, that the "modification" petition filed after

the statutory period had run was properly dismissed as untimely.

Although the claimant here attempts to distinguish *Fox,* we perceive no substantive difference between the circumstances in this case and those in *Fox.* It follows, therefore, that *Fox* controls and that the claimant's reinstatement petition, filed more than 3 years after the injury, was properly dismissed as an untimely claim petition.

The order of the Board will therefore be affirmed.

## Order

And Now, this 26th day of February, 1980, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

This decision was reached prior to the death of President Judge Bowman.

Judge DiSalle did not participate in the decision in this case.

--------

Dissenting Opinion by Judge Craig:

I must respectfully dissent because the gratuitous withdrawal of the workmen's compensation claim remains unexplained and inexplicable. In view of the seriousness of claimant's disability as a traumatic quadriplegic, it is hard to accept the idea that claimant would knowingly forego his right to have the course-of-employment issue resolved in the context of the workmen's compensation proceeding.

The key distinguishing point with respect to *Fox v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 575, 382 A.2d 494 (1978) is that the claimant there received consideration in the form of medical expense payment. Here, with a lifetime of medical expenses being a prospective need, claimant received no consideration whatsoever, the withdrawal

being unrelated to his automobile insurance settlement.

Respondent's concern about the possibility of double payment should be allayed. Aside from the fateful claim withdrawal, the insurance settlement did not wipe out the right to exploration of the workmen's compensation status, and the law guards against duplication of payment.

A remand is warranted, at least to consider evidence which could justify striking off the withdrawal upon principles analogous to those reflected in Pa. R.C.P. No. 229(c), and *Caimichelo v. Pinkston,* 54 Del. Co. 243, 41 D. & C. 2d 727 (1966). The equitable nature of such an approach is even more appropriate in the remedial context of workmen's compensation proceedings than it is in an action at law.

Although this court is commendably dedicated to maintaining consistency and logic in its application of precedent and statutes, so that predicability is afforded, some circumstances give rise to needs which should not be bound by the inexorable syllogism. I submit that this is such a case.