Floyd Powell, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Craft Oil Co. and State Workmen's Insurance Fund, Respondents.

Argued December 18, 1981, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Joseph P. Lenahan, Lenahan and Dempsey,* for petitioner.

*William C. Sleppacher,* with him *Paul J. Dufallo,* for respondent, State Workmen's Insurance Fund.

OPINION BY JUDGE BLATT, April 1, 1982:

The petitioner, Floyd Powell, seeks review of an order of the Workmen's Compensation Appeal Board which reversed a referee's decision granting his petition to set aside final receipt and reinstate benefits for total disability.

In August of 1972, the petitioner suffered a back injury while employed by Craft Oil Company (employer) for which he received total disability benefits. On October 29, 1974, he executed a final receipt indicating that he was able to return to work. In December of 1976 his injury recurred and, on September 2, 1977, without aid of counsel, he filed another claim petition which was treated by the referee as a petition to set aside final receipt. He subsequently obtained counsel and numerous hearings were scheduled all of which were continued at the request of his attorney. Finally, his counsel moved to withdraw the petition on the ground that no medical evidence could be obtained to support it. Subsequently, the petitioner obtained another attorney who, on March 28, 1979, filed another petition to set aside final receipt and, after hearings were held, the referee reinstated compensation holding that the withdrawal of the first petition to set aside final receipt was invalid because it was requested without petitioner's consent. On appeal, the Board reversed the referee, holding that, the petitioner having failed to appeal the order withdrawing the first petition, that order became final and could not be vacated. The Board then concluded

that the petitioner's second petition must be dismissed inasmuch as it was not timely filed within the three-year statute of limitations imposed by Section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001. This petition for review followed.

The petitioner contends that this case is governed by our Supreme Court's recent decision in *Bigley v. Unity Auto Parts, Inc.,* 496 Pa. 262, 436 A.2d 1172 (1981).

In *Bigley,* the claimant was injured on September 3, 1973, when the vehicle in which he was a passenger on his way home from work, and which was operated by a co-worker, was involved in an accident. He subsequently filed both a trespass action against his employer in the court of common pleas and a workmen's compensation claim, this claim being filed on September 5, 1975. This action in trespass was later settled and the claimant agreed to prosecute only his workmen's compensation claim. In February of 1977, however, the claimant's attorney requested a withdrawal of the claim, which was granted, and no appeal was taken from that order. In October of 1977, he obtained new counsel and filed a petition to reinstate his claim. This petition was dismissed by the referee, and the Board affirmed the dismissal on the ground that the unappealed order granting withdrawal was final and that the petition for reinstatement was not filed within the three-year statute of limitations prescribed in Section 315 of the Act, 77 P.S. §602. That decision was upheld by this Court, but on appeal the Supreme Court reversed.

The Supreme Court held that the workmen's compensation authorities have broad administrative discretion in determining whether or not to permit the withdrawal and subsequent reinstatement of a claim

petition prior to an agreement by the parties as to liability for or existence of an injury alleged within such petition or a hearing and adjudication of the merits thereof. It found that, where a gratuitous request for withdrawal was granted, the claimant need not appeal that order, but that his rights of appeal will accrue at the time, if any, when the workmen's compensation authorities *refused to reinstate* his claim petition, and that he could then raise the issue that there was an abuse of discretion in that decision. The Supreme Court said, "The power to reinstate a gratuitous unilateral withdrawal should be liberally exercised absent a significant showing of prejudice by the other parties involved." *Id.* at 272, 436 A.2d at 1178. It also gave guidance as to some of the elements to consider when balancing the equities in reinstating a claim petition: whether or not the withdrawal was made " 'voluntarily, knowingly and intelligently,' " *Id.* at 271, 436 A.2d at 1177, and whether or not the reinstatement petition was filed within the applicable statute of limitations. The latter consideration, however, was found to be "only one possible factor" and not itself determinative. *Id.* at 269, 436 A.2d at 1176. In *Bigley,* the conclusion was that the workmen's compensation authorities had not had the opportunity to exercise their discretion in balancing the equities of reinstating the claim petition and a remand was therefore ordered for such a determination.

In this case we are dealing with the reinstatement of a petition to set aside final receipt, whereas in *Bigley* the concern was with the reinstatement of an original claim petition, but we do not believe that such a distinction affects the applicability of *Bigley* here.[1]

---

[1] Both in this matter and in *Bigley,* the claimant filed a petition for benefits within the statute of limitations, that petition was

We must conclude that, where there has been a gratuitous unilateral withdrawal of a petition to set aside final receipt *prior to a settlement or adjudication of the merits of such petition to set aside,* the workmen's compensation authorities have broad discretion in deciding whether or not to reinstate such petition, but that reinstatement should be liberally granted absent "a significant showing of prejudice." *Id.* at 272, 436 A.2d at 1178.

In the instant case, the Board denied the petition because it concluded that the withdrawal order was unappealed and binding on the petitioner and that the second petition was therefore barred by the statute of limitations of Section 434 of the Act. We must conclude that the Board erred in so holding and thereby abused its discretion in denying reinstatement of the petition to set aside final receipt.

According to *Bigley,* the petitioner's failure to appeal the withdrawal order should have no effect on the Board's decision whether or not to grant reinstatement. Furthermore, the Board's holding that the petitioner was bound by the statute of limitations was contrary to the holding in *Bigley* that such a statute is merely one factor to consider and is not itself conclusive and that reinstatement of a gratuitously withdrawn petition should be liberally granted.

We do not believe, however, that a remand for additional consideration of other elements is necessary here. The referee considered the effect of the statute of limitations, the petitioner's failure to approve the proposed withdrawal of the first petition and the remedial nature of the Act in deciding that the second petition to set aside final receipt should

withdrawn *without his consent* and another petition was filed but more than four years after the date from which the statute would have begun to run.

be given effect. He may also have been impressed by the likelihood that the petitioner would win on the merits of his claim for benefits. The respondents have not argued that the referee's findings were not supported by substantial evidence and so we are bound by them,[2] and we must conclude that the referee did not abuse his discretion in granting the reinstatement. We will therefore reverse the Board's order.

ORDER

AND Now, this 1st day of April, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and

It is further ordered that the order of the referee granting benefits to the petitioner be reinstated and that judgment be entered in favor of Floyd Powell and against Craft Oil Company and/or its insurance carrier in the amount of $88.99 per week, commencing January 1, 1977 and continuing thereafter within the terms and meaning of The Pennsylvania Workmen's Compensation Act and that all deferred payments of compensation shall bear interest at the rate of 10% per annum and

It is further ordered that Craft Oil Company and/or its insurance carrier reimburse the petitioner for the following expenses:

Bill of Dr. Arthur Horvat
 for treatment ................. $120.00

Drug Bills ...................... 84.71

---

[2] Where the petitioner, who had the burden of proof, prevailed before the referee, our scope of review is limited to determining whether or not the referee's findings of fact are supported by substantial evidence. *Cambria County Commissioners v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981).

Bill of Dr. Arthur Horvat
for testimony and deposition .... 100.00

Bill of G & G
Reporting Agency .............. 35.50

And it is further ordered that Craft Oil Company and/or its insurance carrier shall deduct from all compensation payable the sum of 20% and shall remit that amount to Attorney Joseph Lenahan for as long as this order shall be in effect.

Judge PALLADINO did not participate in the decision in this case.