516 A.2d 854

Catalytic, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Gwin), Respondents.

Submitted on briefs September 8, 1986, to Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Daniel K. Deardorff, Martson, Deardorff, Williams & Otto,* for petitioner.

*John M. Sofilka, Law Offices of Dale E. Anstine, P.C.,* for respondent.

OPINION BY JUDGE MACPHAIL, October 27, 1986:

Catalytic, Inc. (Petitioner) appeals an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) modifying a referee's decision to dismiss Claimant Thomas N. Gwin's workmen's compensation claim *with prejudice.* We affirm the Board's order to dismiss the claim *without prejudice.*

Claimant filed a workmen's compensation claim against the Petitioner for the specific loss of hearing in his left ear resulting from a July 1, 1980 on-the-job accident. He had, however, a history of hearing problems including an operation on the same ear in 1978 or 1979. Deposition testimony of Claimant's medical witness indicated that it was "possible" that the accident led to the hearing loss.

When Claimant failed to appear at a scheduled hearing before the workmen's compensation referee, his attorney suggested that the claim be dismissed with prejudice for failure to prosecute. Petitioner's counsel agreed, adding that the dismissal should be on the merits as well because the claim was invalid. The referee agreed with the Petitioner and dismissed Claimant's petition *with prejudice*.

Claimant appealed the referee's decision to the Board which rendered the following order on October 11, 1985: "The Referee's Decision in this case is amended to delete the words 'with prejudice.' We see no reason why any party can't withdraw a petition prior to a final decision of the Referee on the merits. There was no decision on the merits here." Petitioner subsequently filed a Petition for Review with this Court.

Keeping in mind the scope of this Court's review in workmen's compensation cases,[1] the only issue we need address is whether the Board erred as a matter of law in amending the referee's decision and dismissing Claimant's case *without prejudice*. Based on our reading of the Pennsylvania Supreme Court's decision in *Bigley v. Unity Auto Parts, Inc.*, 496 Pa. 262, 436 A.2d 1172 (1981), we agree with the Board and Claimant that because there was no decision on the merits, the instant claim should be dismissed without prejudice and therefore find no error in the Board's order.

In *Bigley,* a workmen's compensation claimant withdrew his claim petition and later filed to reinstate the claim under representation of new counsel. The referee

---

[1] Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether there has been a capricious disregard of competent evidence. *Miller v. Workmen's Compensation Appeal Board (CertainTeed Corporation)*, 91 Pa. Commonwealth Ct. 253, 496 A.2d 1337 (1985).

dismissed the reinstatement petition apparently on the basis of the employer's arguments that the original petition was *res judicata* as it had never been appealed and that the petition for reinstatement was untimely. The Board affirmed. Our Supreme Court, reversing this Court's affirmance of the Board's order, held that the withdrawn claim petition could be reinstated. In so holding the Court stated:

> [W]e are of the view that there is an implied authority at the administrative level to accept a unilateral request of withdrawal by the party presenting the claim prior to adjudication or agreement. . . . Concomitant with the implied power to permit a withdrawal prior to adjudication or agreement is also the power to reinstate that claim in appropriate circumstances.

496 Pa. at 272, 436 at 1177. Further, the power to reinstate a unilaterally withdrawn claim "should be liberally exercised absent a significant showing of prejudice by the other parties involved." *Id.* at 272, 436 A.2d at 1178. *See also Powell v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 588, 443 A.2d 426 (1982).

Petitioner argues that under *Bigley*, a claimant cannot abandon his claim and later file another petition seeking the same relief after receiving an "administrative airing."[2] Petitioner contends that because the

---

[2] The "administrative airing" to which the Supreme Court referred in *Bigley* concerned a previous decision of this Court that was being distinguished, *Fox v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 575, 382 A.2d 494 (1978). There, a claimant withdrew his petition and when he later tried to reverse the order granting the withdrawal, the Board determined that he had knowingly requested that his petition be withdrawn. This was the airing noted in *Bigley*, not an airing on the merits of the claim. *See Bigley*, 496 Pa. at 268, 436 A.2d at 1175.

Claimant had not offered, before his claim was withdrawn, unequivocal medical testimony that his loss of hearing was caused by the July 1, 1980 accident, the claim was invalid. According to the Petitioner, Claimant failed to meet his burden of proof and should have no further chance to prove his claim.

We reject Petitioner's arguments. The record of the proceedings before the referee indicates that Claimant's counsel suggested the claim be dismissed for failure to prosecute, not because he feared he could never prove the claim. As discussed at a prior hearing, Claimant believed that under *Bigley* he would be able to withdraw his claim petition and apply to reinstate it when he could prove the causal connection between the July 1, 1980 accident and his current hearing disability. *See* Notes of Testimony from February 28, 1984. We agree that this is appropriate under *Bigley*. Claimant should not be precluded from seeking to reinstate his petition at a later date and having the opportunity to prove his claim.

The Board found that there had been no decision on the *merits* of Claimant's claim and we agree. Therefore, because the claim was withdrawn prior to an adjudication, we feel *Bigley* mandates our affirmance of the Board's order.

### ORDER

The order of the Pennsylvania Workmen's Compensation Appeal Board in the above-captioned proceeding is affirmed.