588 A.2d 595

**Leonard A. USELTON, Sr., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(BROCKWAY, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 1991.

Decided March 20, 1991.

Scott H. Fergus, Fergus, Martin & Fergus, Washington, for petitioner.

John B. Hayes, Baginski & Bashline, Pittsburgh, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Leonard A. Uselton, Sr. (Claimant) seeks review of an order entered by the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing his reinstatement petition pursuant to Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602.[1] For the reasons that follow, we will affirm the dismissal of Claimant's reinstatement petition.

On December 4, 1983, Claimant sustained severe injuries while in the course of his employment with Brockway, Inc. (Employer) when a gas tank exploded. Claimant filed a claim petition on February 2, 1984. By order dated May 17, 1984, the referee granted Claimant's then counsel's request to gratuitously withdraw the February 2, 1984 claim petition.

Thereafter, on January 4, 1988, Claimant filed a petition to reinstate his original claim. Following a series of hearings, the referee dismissed Claimant's reinstatement petition as being barred by the three-year statute of limitations set forth in Section 315 of the Act, 77 P.S. § 602.

■ Claimant subsequently appealed the referee's decision to the Board which affirmed the dismissal of Claimant's January 4, 1988 reinstatement petition. Claimant now seeks our review,[2] contending that the referee erred in

1. This section provides in pertinent part: "In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition ..."

2. Our scope of review, of course, requires us to affirm unless we find any necessary finding of fact unsupported by substantial competent evidence, an error of law or a violation of Claimant's constitutional

prohibiting the reinstatement of his original claim. In support, Claimant primarily relies upon our Supreme Court's decision in *Bigley v. Unity Auto Parts, Inc.,* 496 Pa. 262, 436 A.2d 1172 (1981).

*Bigley,* however, is factually distinguishable and does not address the crucial issue now before us. In *Bigley,* the original claim petition was gratuitously withdrawn on February 28, 1977 and the petition to reinstate the original claim was filed on October 3, 1977, which, of course, was well within any arguably pertinent limitations period set forth · in the Act. Here, by contrast, the original claim petition was gratuitously withdrawn on May 17, 1984 and the petition to reinstate the original claim was filed on January 4, 1988, which is well beyond any arguably pertinent limitations period set forth in the Act.

As we see it, the crucial issue presented by the case *sub judice* concerns the amount of time available to a claimant to assert the right to reinstate an original claim under *Bigley.* The supreme court in *Bigley,* of course, was not required to address the issue of whether any time limitation attaches to the right to reinstate an original claim after it has been gratuitously withdrawn.

If we were to conclude that there is no time limitation whatsoever, such conclusion, in our view, would be contrary to the statutory scheme of the Act which simply does not allow a claimant to keep an employer in limbo forever. Rather, the Act contemplates time periods in which parties must act.

■ While no provision of the Act specifically sets forth a limitations period for the filing of a petition to reinstate an original claim which was gratuitously withdrawn,[3] it

rights. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. The lack of a provision governing petitions to reinstate original claims was noted in *Bigley* where the Supreme Court inferred from its conclusion that a claimant had a right to withdraw his petition that he

would be absurd, in our view, to interpret this omission as extending to claimants an *ad infinitum* period of time in which to file such petitions. In attempting to ascertain the timeliness of Claimant's reinstatement petition here, we turn to Section 413 of the Act, 77 P.S. § 772, which we find to be the most analogous to the situation before us. Section 413 applies a three-year limitations period to petitions seeking *reinstatement* of notices of compensation payable, original or supplemental agreements or awards. We conclude that this section is applicable by analogy to petitions seeking *reinstatement* of gratuitously withdrawn claim petitions inasmuch as we have determined that there must be some limitations period here. In passing, we note that other limitations periods contained in the Act have expired as well. *See, e.g.,* Section 426 of the Act, 77 P.S. § 871, which adopts an eighteen-month limitations period for granting a rehearing and Section 315 of the Act, 77 P.S. § 602.[4]

Because all arguably pertinent time periods contained in the Act expired prior to Claimant's reinstatement petition, we are constrained to conclude, in keeping with the statutory scheme of the Act, that his petition was untimely filed and was, in effect, an attempt to revive what had become an abandoned claim. Most regrettably, we have no recourse but to affirm the order of the Board dismissing Claimant's petition to reinstate his original claim.

## ORDER

AND NOW, this 20th day of March, 1991, the order of the Workmen's Compensation Appeal Board, dated February 26, 1990, at No. A–98106, is affirmed.

must, and does, also have the right to petition for the reinstatement of such a withdrawn petition.

4. Section 315 of the Act, 77 P.S. § 602, of course, concerns only initial filings of claims, *Bigley,* and, in our opinion, is thus not relevant here. If applicable, however, as ruled by the referee and Board in this case, its limitation of three years has expired.