# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna DiMezza,                  :
              Petitioner       :
                       :
              v.               :   No. 90 C.D. 2015
                       :   SUBMITTED:  July 10, 2015
Workers' Compensation Appeal     :
Board (Prison Health Services),      :
              Respondent    :


BEFORE:     **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                  **HONORABLE ROBERT SIMPSON,** Judge
                  **HONORABLE JAMES GARDNER COLINS,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED:  November 3, 2015**


      Claimant, Donna DiMezza, petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) to deny her April 2013 petition to reinstate workers' compensation benefits on the ground that the petition was untimely under the three-year statute of limitations found in Section 413(a) of the Workers' Compensation Act (Act).[1]  We affirm.

      In September 2007, Claimant sustained a work-related injury when she slipped and fell on a wet floor while working as a nurse for Employer Prison

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

Health Care Services.[2] Employer issued a temporary notice of compensation payable, describing the injury as a hip contusion and providing for the payment of workers' compensation benefits. Subsequently, the parties stipulated that Claimant also had sustained a lower-back injury as a result of the incident. In May 2009, WCJ Michael Rosen granted Employer's termination petition as of March 27, 2008, accepting the testimony of Richard Jay Levenberg, M.D. that, as of his March 2008 examination, Claimant had fully recovered from her "sprain and strain and contusion of the spine." *DiMezza v. Workers' Comp. Appeal Bd. (Prison Health Care Servs.)*, (Pa. Cmwlth., No. 2349 C.D. 2011, filed June 4, 2012), slip op. at 4. Claimant appealed to the Board, but before it could issue a decision, she filed a January 2010 rehearing petition seeking to submit after-acquired medical evidence generated in 2009. *Id*.

In August 2010, the Board affirmed the WCJ's decision granting Employer's termination petition, without addressing Claimant's January 2010 rehearing petition. Claimant did not appeal from the Board's decision, instead filing a June 2011 rehearing petition seeking to introduce records from an April 2011 spinal fusion. *Id*. at 4-5. In December 2011, the Board denied Claimant's request for a rehearing, stating that the evidence that she sought to introduce was tantamount to "an attempt to strengthen weak proofs already presented, particularly as it does not appear that this evidence would refute the WCJ's finding that [she] was fully recovered from her work injury in 2008." *Id*. at 5. Claimant filed a

---

[2] Our summary is derived, in part, from a previous memorandum opinion involving the same parties: *DiMezza v. Workers' Compensation Appeal Board (Prison Health Care Services)*, (Pa. Cmwlth., No. 2349 C.D. 2011, filed June 4, 2012).

2

January 2012 petition for review with this Court, challenging the Board's denial of her rehearing petition.

While Claimant's 2012 appeal to our Court was pending, she filed a January 2012 reinstatement petition. Employer filed an answer, alleging that the reinstatement petition was time barred. In a May 2012 decision, WCJ David Slom 1) found that Claimant's counsel withdrew the reinstatement petition at a February 2012 hearing, pending the outcome of litigation in our Court; and 2) marked the reinstatement petition withdrawn without prejudice. Supplemental Reproduced Record (S.R.R.) at 38a. In June 2012, this Court affirmed the Board's December 2011 order denying Claimant's June 2011 rehearing petition, concluding that the Board did not abuse its discretion. *DiMezza*, slip op. at 7.

Claimant filed a second reinstatement petition in April 2013, alleging a worsening of her condition and a recurrence of her work injury as of March 29, 2009. In August 2013, WCJ Andrea McCormick dismissed Claimant's second reinstatement petition, with prejudice. WCJ McCormick concluded that, in order to have been timely, Claimant would have had to have filed it in May 2012, three years after the date of circulation of WCJ Rosen's May 2009 decision granting Employer's termination petition. In January 2015, the Board affirmed. Claimant's petition for review followed.

Claimant presents two issues for review, but we consider only the first:[3] "Whether Claimant's constitutional rights were [violated where her January

---

[3] In light of the fact that Claimant did not file a rehearing petition in the present litigation, we decline to address her second issue: "[Whether] [t]he Board abused its discretion in failing to reverse the [WCJ], where the applicable case law permits a withdraw without prejudice to toll the statute of limitations pending appeal of an underlying claim to avoid duplicate litigation, and a hearing on the merits should be awarded 'in the interests of justice.'" Claimant's Brief at 3.

2012] Reinstatement Petition was filed within the statute of limitations to toll the statute of limitations and withdrawn 'without prejudice,' to avoid duplicate litigation pending appeal to the Commonwealth Court of an underlying claim, and then [WCJ] McCormick dismissed [the April 2013 reinstatement petition] because the Court issued its decision after the three year statute of limitation[s] had run?" Claimant's Brief at 3. In addressing Claimant's arguments, we emphasize that the reinstatement petition that WCJ McCormick dismissed as untimely was the one filed in April 2013, which was the only one before her for disposition. In addition, the statute of limitations for filing such petitions is found Section 413(a) of the Act, which provides that, "no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition."

Claimant argues that her first reinstatement petition tolled the statute of limitations and that her second one constituted a "reactivation" of the first, such that she should be permitted to proceed on the merits. In support, she cites *Bigley v. Unity Auto Parts, Inc.*, 436 A.2d 1172 (Pa. 1981), where a claimant filed a claim petition within the applicable time period, but subsequently withdrew it. The Supreme Court held that, in appropriate circumstances and before an administrative determination on the merits or an agreement, there is an implied power at the administrative level to reinstate the claim after the expiration of the original applicable time period. *Id*. at 1177-78. Accordingly, the Court reversed and remanded the matter to the Board to provide an administrative determination of the claimant's request for reinstatement. *Bigley*, however, is distinguishable from the present case. Here, Claimant was able to present expert testimony in

4

opposition to Employer's termination petition, the Board rendered a decision on the merits and Claimant did not pursue an appeal.

As Employer maintains, the present case is more analogous to *Uselton v. Workmen's Compensation Appeal Board (Brockway, Inc.)*, 588 A.2d 595 (Pa. Cmwlth. 1991). In *Uselton*, we held that a claim petition which was gratuitously withdrawn could not be refiled more than three years after the withdrawal of the original petition. *Id*. at 596-97. Noting the absence of a specific provision in the Act setting forth a limitations period for the filing of a petition to reinstate an original claim which was gratuitously withdrawn, we observed that "it would be absurd, in our view, to interpret this omission as extending to claimants an *ad infinitum* period of time in which to file such petitions." *Id*. at 596. Accordingly, analogizing Uselton's situation to one involving a petition filed under Section 413 of the Act, which is at issue in the present case, we concluded that Uselton's petition was untimely filed and constituted an attempt to revive what had become an abandoned claim. *Id*. at 596-97. In so determining, we observed as follows:

> If we were to conclude that there is no time limitation whatsoever, such conclusion, in our view, would be contrary to the statutory scheme of the Act which simply does not allow a claimant to keep an employer in limbo forever. Rather the Act contemplates time periods in which parties must act.

*Id*. at 596.

As WCJ McCormick determined in the present case, there was no agreement to toll or extend the statute of limitations and any discussion on the record with WCJ Slom at the hearing where the withdrawal took place could not be construed to that effect. WCJ Slom stated as follows: "Both counsel have agreed that claimant's counsel will withdraw the pending petition to reinstate benefits

5

without prejudice to refile the pending petition at a later time pending the outcome of the Commonwealth Court litigation." Bureau Claim No. 3221375, February 24, 2013 Hearing, Notes of Testimony (N.T.) at 2-3; S.R.R. at 14-15a. Accordingly, we reject Claimant's argument that her "withdraw without prejudice" tolled the statute of limitations.

Moreover, we emphasize that where workers' compensation benefits have been terminated by an order determining that all disability has ceased and that a claimant has fully recovered, the correct procedure when alleging a recurrence of disability is a reinstatement petition under Section 413(a) of the Act. In the present case, the Board issued its decision affirming the WCJ's grant of Employer's termination petition in August 2010. Instead of appealing that decision or filing a reinstatement petition, Claimant filed a second rehearing petition in June 2011, seeking to introduce records from an April 2011 spinal fusion. It was not until January 2012 when she finally filed a reinstatement petition. At that point, there was an overlay of somewhat futile litigation involving the Board's December 2011 denial of her January 2010 rehearing petition and her appeal of the Board's decision to this Court. As noted, Claimant's counsel withdrew the January 2012 reinstatement petition. Accordingly, we reject Claimant's argument that her circumstances warrant proceeding with her reinstatement petition after the expiration of the statute of limitations.[4]

---

[4] A claimant is precluded from using a reinstatement petition to relitigate a prior unappealed termination decision. *Huynh v. Workers' Comp. Appeal Bd. (Hatfield Quality Meats)*, 924 A.2d 717, 722-23 (Pa. Cmwlth. 2007). Where there is a final judgment on the merits, a future suit between the parties on the same cause of action is precluded. *Weney v. Workers' Comp. Appeal Bd. (Mac Sprinkler Sys., Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008). *See also Flannigan v. Workers' Comp. Appeal Bd. (Colt Indus.),* 726 A.2d 424, 427 (Pa. Cmwlth. 1999) (holding that, "[s]hould the claimant during the reinstatement proceedings present only medical evidence **(Footnote continued on next page…)**

For the above reasons, therefore, we affirm.


_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

_____

**(continued…)**
substantially the same as that previously rejected, then the doctrine of res judicata may bar reinstatement.").  In any event, it is irrelevant that Claimant in the present case may have had different evidence to present in a reinstatement proceeding that would have been indicative of a recurrence of her work injury.  The expiration of the statute of limitations extinguished the availability of her remedy.  *Id*. at 426.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Donna DiMezza,
               Petitioner

            v.

Workers' Compensation Appeal
Board (Prison Health Services),
               Respondent

:
:
:
:
:
:
:
:
:

No. 90 C.D. 2015

**O R D E R**

AND NOW, this 3rd day of November, 2015, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge